# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV11-02810 JAK (SSx) | Date | March 6, 2012 |
| Title | Scott E. Christensen v. Southern California Edison Company, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND TAKING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT OFF CALENDAR (Dkt. 34)**

Plaintiff Scott Christensen ("Plaintiff") alleges that Defendants Southern California Edison Company ("SCE") and John Guest, Esquire ("Guest") were involved in corrupt dealings with various contractors and construction companies. Based on these allegations, Plaintiff advances the following four state law causes of action: (i) negligence; (ii) strict liability; (iii) tortious invasion of privacy; and (iv) breach of the public trust. Compl., Dkt. 1. When a case does not arise under federal law, this Court has original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id*

The Court has received Defendants SCE and Guest's motion for summary judgment, Dkt. 34, which is scheduled for a hearing on March 12, 2012. However, as a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Thus, the March 12, 2012 hearing is vacated pending resolution of this order to show cause.

Plaintiff states that this Court has subject matter jurisdiction over this matter based on diversity of citizenship. Compl. ¶ 1 ("The United States District Court has diversity and subject matter jurisdiction over these litigants and their causes. The amount in dispute exceeds $75,000.00 USD."). Plaintiff also pleads that "[t]he United States District Court for the Central District of California is the appropriate venue for this case. Plaintiff practices law and defendants do business here." Compl. ¶ 2. This statement indicates that Plaintiff is a citizen of California, as does the header of the Complaint, which lists his address as one in Santa Ana, California. Regarding SCE, Plaintiff alleges that "SCE is a California 'Public Utility' for electrical power including nuclear power." Compl. ¶ 10. Regarding Guest, Plaintiff alleges that he "is an attorney representing Southern California Edison…." Compl. ¶ 16. However, Plaintiff does not directly plead the citizenship of Defendants SCE or Guest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV11-02810 JAK (SSx) | Date | March 6, 2012 |
|---|---|---|---|
| Title | Scott E. Christensen v. Southern California Edison Company, et al. | | |

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center." *Id.* Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Here, SCE's principal place of business must be California because it is a California public utility. Further, as an employee of SCE, Guest may also be a citizen of California.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Complaint does not do so. Thus, it does not provide the required information noted above with respect to the alleged citizenship of each party. Accordingly, the Court issues this Order to Show Cause Re: Jurisdiction given the absence of an adequate showing of complete diversity at this time. On or before March 20, 2012, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is required or if the matter can be addressed by the Court without a hearing. Because the March 12, 2012 hearing has been vacated, no appearance is required by any counsel or party at that time.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak